**Richard BONOMI, Plaintiff–Appellant,**

v.

**Marsha GADDINI, Defendant–Appellee.**

No. 99–17070.

D.C. No. CV–97–02320–VRW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 2001.

Decided April 4, 2001.

Before NOONAN, MCKEOWN, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Plaintiff–Appellant Richard Bonomi appeals the district court's grant of summary judgment to Defendant–Appellee Marsha Gaddini. He contends that the district court erred when it concluded that the speech that allegedly caused Gaddini to retaliate against Bonomi did not pertain to a matter of public concern. We have jurisdiction pursuant to 28 U.S.C. § 1291. We agree, and thus we reverse.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Bonomi contends that he complained about the state of the parole records that he inherited from a predecessor, and that his complaints were motivated by a concern for public safety. The district court determined that "this characterization ... is not supported by the facts in the record." On the contrary, these allegations are supported by Bonomi's declaration, in which he avers that he "was alarmed at the state of the records," and that this caused him to be "extremely concerned that there were any number of 'high control' [parolees] out on the streets which presented a risk to the public."

Taking these allegations to be true, as we must for purposes of summary judgment, they are sufficient to bring Bonomi's speech within the scope of public concern. We have consistently held that mismanagement in the criminal justice system, and the resulting potential threat to the public, is a matter of public concern. *See Hyland v. Wonder*, 972 F.2d 1129, 1137 (9th Cir.1992) ("abuses, inefficiency, threats to public safety, potential civil rights violations, and incompetence of public law enforcement officials at Juvenile Hall .... are of vital interest to citizens"); *Gillette v. Delmore*, 886 F.2d 1194, 1197 (9th Cir.1989) ("the manner in which police and fire fighters performed their duties" is a matter of public concern); *McKinley v. City of Eloy*, 705 F.2d 1110, 1114 (9th Cir.1983) ("the competency of the police force is surely a matter of great public concern"). Likewise, for purposes of summary judgment, Bonomi's complaints relate to a matter of public concern. Therefore, we reverse and remand for further proceedings.

Gaddini argues in the alternative that, even if Bonomi did speak on a matter of public concern, summary judgment should nonetheless be affirmed because Bonomi has failed to prove that the protected speech led to the allegedly retaliatory ac-

tions. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 285–87, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Gilbrook v. City of Westminster*, 177 F.3d 839, 855 (9th Cir.1999). The district court did not reach this issue, and we decline to do so for the first time on appeal. Instead, we leave it for the district court to consider on remand.

REVERSED AND REMANDED.

